Taylor, Chief Justice.
 

 The only question in this case is, whether by the words “all my property & possessions, Consisting of both personal and perishable,”- given to the Defendants, with the further expressions, “ that they should pay my debts out of it, and the residue to be equally divided between them, to have and to hold to them, their heirs and assigns forever,” the lands of the testator passed. If these words were sufficient to pass them, a verdict and judgment should have been entered for the Defendants ; if not, the Plaintiffs as heirs at. law, are entitled to recover. That the words property, possessions, or estate are sufficient, if not qualified by the context to bear a narrower signification, to carry real
 
 *384
 
 estate, is well settled by many decisions ; but it is othcr-wise, if it appear from the context, that personal estate only was in the contemplation of the testator. It is ar-gU(.(] f0,. ti,e Defendants, that the testator meant, by the words “ both personal and perishable,” as referred to “ property and possessions,” two distinct kinds of property, viz. real and personal; for (hat personal property is in its nature perishable, and therefore Jbe last word would be redundant and unmeaning, if not confined to personal property. It is strictly speaking true, that all personal property is perishable, but our acts of assembly have often mentioned personal property, as perishable and unperishable, and have rendered the terms familiar in common use. Thus the act of
 
 1723,ch.
 
 15, empowers the executor to sell, by the directions of the Court, so many of the
 
 imperishable
 
 goods, as will pay and satisfy the debts; and the act of 1762,
 
 {Rev. ch.
 
 69.) directs the guardian to dispose of such goods and chattels of the ward, as may be liable to perish, consume or be the worse for keeping. There is a similar division of personal property in the civil law. A book, or a horse is called in-consumable, in opposition to corn, wine, money and those things which perish, or are parted with in the
 
 use.
 

 The case before us would resemble the case of
 
 Doe ex dem. of Wall
 
 v.
 
 Langland,
 
 cited from 14
 
 East.
 
 371, provided the words of the will had been property and possessions, personal and perishable $ for then, according to the principle of that case, the words
 
 “
 
 possessions personal and perishable,” might have been taken cumulatively, and notas descriptive of the kind of property the testator intended to give. The words in that case were “ property, goods and chattels,” and the Court said they would not read the w ill
 
 “
 
 property, namely, or viz. goods and chattels;” but they would consider the word property as unrestricted, and efficient to carry the real estate. The plain difference between the cases is, that here the testator declares by the words “ consisting of”
 
 *385
 
 what he meant by property ami possessions, and leaves no ground for a different construction. There are many other words, which if standing uncontrolled, or no specification made that personal property alone meant by them, will be sufficient to pass real estate, as “ all I am worth.”
 
 (Haxtep
 
 v.
 
 Brooman,
 
 1
 
 Bro. Ch. Rep.
 
 437.) So “ all that-I possess both in doors and out of doors.”
 
 (Tolar
 
 v.
 
 Tolar,
 
 3
 
 Hawks,
 
 74). But even the word
 
 estate,
 
 which by itself is the most comprehensive one that can be used, will when coupled wit.li other words indicative of personal property, be so restrained.
 
 (Cliffe
 
 v.
 
 Gibbons,
 
 2
 
 Ld. Raymond,
 
 1324). Where there was a devise of the residue of
 
 effects,
 
 after a partial disposition of real and personal estate, it-was held not to carry real effects.
 
 (Camfield
 
 v.
 
 Gilbert,
 
 3
 
 East.
 
 516). The case of
 
 Timewell
 
 v.
 
 Perkins,
 
 (2
 
 Atk.
 
 102,) bears a strong resemblance to the one before us. The words of the will were
 
 “
 
 all my freehold lands in
 
 the tenure ot the
 
 widow
 
 L,
 
 and the residue of my estate
 
 consisting
 
 in ready money, jewels, leases, mortgages, &c. or in any other thing wheresoever or whatsoever, I give to
 
 A. B.
 
 or her assigns forever.”
 
 It was
 
 held that the residue, of the real estate did not pass to
 
 A. B.
 
 because the word
 
 estate
 
 is expressly confined to personals. In conformity with these authorities, the case of
 
 Harris
 
 v.
 
 Mills
 
 was decided in this Court. There the testator gave and bequeathed to his son
 
 Hood Harris,
 
 and his.four daughters who ii\ed with him, all the rest of his estate,
 
 consisting
 
 of various articles too tedious to mention. (I
 
 Law Repos.
 
 536).
 

 The intention of the testator to devise his land is argued from the words “ to have and to hold, to them, their heirs and assigns forever,” being applicable to lands.— They are so, but there is nothing to show that he was aware of it, for his want of information on such a subject is apparent from the whole will. Upon the supposition that he intended to pass land, it cannot be inferred that he knew the import of those terms, when he knew
 
 *386
 
 no(; q1P proper terms fo devise real estate. If. is also said, that direction to pay the debts out of
 
 it,
 
 is iridica-tive of his intention ; but that pronoun is properly app¡¡CH|j|e t() tj,e bulk of the things bequeathed, as if he bad said, to be paid out of my personal and perishable property. Taking then the rule to be dear, that the heirs at law are not to be disinherited, unless the testator’s intention to do so can be collected from the words of the will, which must convey a necessary implication, I cannot doubt that the judgment should be affirmed.
 

 Per Curiam. — Judgment affirmed.